UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NATHAN ALAN VIETH,

        Plaintiff,

        v.                                  Case No. 20-cv-1615-bhl

INSPECTOR A. DOBSON
WILLIAM DUCKERT,
MILWAUKEE COUNTY SHERIFF'S OFFICE, and
MILWAUKEE COUNTY JAIL,

        Defendants.

---

## ORDER

---

Plaintiff Nathan Alan Vieth, representing himself, filed a complaint alleging that the defendants violated his civil rights under 42 U.S.C. §1983 by closing the housing unit gym in the Milwaukee County Jail due to the COVID-19 pandemic. (ECF. No. 1.) Vieth then filed an amended complaint seeking to bring this case as a class action.[1] (ECF No. 5.) Vieth has also filed a motion to proceed without prepaying the filing fee. (ECF No. 2.) This order resolves his motion and screens the amended complaint.

**MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to let an incarcerated plaintiff proceed with his case without prepaying the filing fee if he meets certain conditions. One of those conditions is that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the

---

[1] In his amended complaint, Vieth adds plaintiffs, Keeven Summerville and Demarius Cage, and "Future Pre-Trial Detainees and Sentenced Prisoners of Milwaukee County Jail," (ECF No. 5 at 1), and in his cover letter explains he is "trying to file this case as a class action against the defendants in this matter." (ECF No. 5-1.) Neither of the two named proposed plaintiffs have signed the complaint, paid the filing fee, or moved to proceed without prepayment of the filing fee. It is questionable that plaintiff could satisfy the Federal Rule of Civil Procedure 23(a) requirements to maintain a class action. *See Caputo v. Fauver*, 800 F. Supp. 168, 169-70 (D.N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action."). Because the Court is dismissing the case at the screening stage, it need not address Vieth's class action allegations. Because neither Summerville nor Cage has properly joined the litigation as plaintiffs, the Court will treat this as an action brought solely by Vieth.

plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On November 9, 2020, the Court determined that pursuant to 28 U.S.C. §1915(b)(4), Vieth was not required to pay an initial partial filing fee. The Court will grant Vieth's motion for leave to proceed without prepayment of the filing fee and will allow him to pay the full filing fee over time in the manner explained at the end of this order.

## SCREENING THE AMENDED COMPLAINT

### A.   Federal Screening Standard

Under the Prison Litigation Reform Act, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard

than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

    **B.**    **Allegations in the Amended Complaint**

Vieth, a pretrial detainee, alleges the defendants have not allowed inmates of the Milwaukee County Jail out of their cells for physical exercise since March 11, 2020. (ECF No. 5 at 2.) He states that in response to his multiple grievances complaining about lack of access to the housing unit gym (which he attached as exhibits to his complaint), the defendants responded that they are following the Centers for Disease Control recommended guidelines for the COVID-19 pandemic. (*Id.* at 2, 5-6.) He also states the defendants have indicated they are not planning on opening the housing unit gym any time soon. (*Id.* at 3.) He further alleges the defendants are requiring inmates to stay locked in their cells "for 26 hours every other day" for the purposes of maintaining social distancing. (*Id.*) For relief, Vieth seeks a court order requiring Milwaukee County Jail to reopen the housing unit gym and damages for the violation of his constitutional rights.

    **C.**    **Analysis**

Vieth claims the defendants violated his constitutional rights by denying him access to the house unit gym for several months and requiring him to be locked in his cell for "26 hours every other day." (ECF No. 5 at 3.) Because Vieth is a pretrial detainee, his claims fall under the Fourteenth Amendment, and to sufficiently state a claim, he must allege the conditions of his confinement "were objectively unreasonable and 'excessive in relation to' any legitimate non-punitive purpose." *Hardeman v. Curran*, 933 F.3d 816, 824 (7th Cir. 2019) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015)). Courts must consider "the severity and duration" of the conditions a plaintiff experiences to determine a constitutional violation. *Id.*

Vieth does not sufficiently allege that the defendants' actions were objectively unreasonable and excessive in relation to a legitimate non-punitive purpose. He alleges that the defendants took these measures in accordance with CDC guidelines to mitigate an outbreak of COVID-19 within the jail, a notoriously contagious and life-threatening disease. In dealing with a pandemic of this nature, which experts state requires social distancing, jails and prisons face unique problems requiring unique solutions because social distancing in jail is challenging. And, courts are required to afford substantial deference to the professional judgment of jail administrators in the running of their institutions. *See Overton v. Bazzetta*, 539 U.S. 126, 132

(2003). As a matter of law, severely restricting the movement of inmates and closing the gym, while inconvenient and uncomfortable, considering the ongoing pandemic, is not unreasonable or excessive in relation to Milwaukee County Jail's stated purpose of preventing a COVID-19 outbreak. Indeed, the City of Milwaukee has restricted the ability of people who are *not* incarcerated to go to the gym in the City of Milwaukee. *See* The COVID-19 Public Health Plan for the City of Milwaukee Order #4.3 section 4(c), dated November 30, 2012, located at https://city.milwaukee.gov/MMFS. As such, Vieth fails to state a claim upon which relief can be granted.

## CONCLUSION

**IT IS THEREFORE ORDERED** Vieth's motion for leave to proceed without prepaying the filing fee is **GRANTED**. (ECF. No. 2.)

**IT IS FURTHER ORDERED** this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim. The Court will enter judgment accordingly.

**IT IS FURTHER ORDERED** Vieth has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** the agency that has custody of Vieth must collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from the Vieth's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If Vieth transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

**IT IS FURTHER ORDERED** a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment

under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b).  Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment.  The court cannot extend this deadline.  *See* Fed. R. Civ P. 6(b)(2).  Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment.  The court cannot extend this deadline.  *See* Fed. R. Civ. P. 6(b)(2).

      The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

      Dated at Milwaukee, Wisconsin this 18th day of December, 2020.

s/ *Brett H. Ludwig*
Brett H. Ludwig
United States District Judge